UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| La Molisana S.p.A.,<br><br>    Plaintiff,<br><br>v.<br><br>United States Department of Commerce and United States of America,<br><br>    Defendants. | Court No. 21-00291 |

## COMPLAINT

Plaintiff, La Molisana S.p.A. ("La Molisana"), by and through its attorneys, Craven Trade Law LLC, alleges and states the following claims against the defendants United States Department of Commerce and United States of America.

## JURISDICTION

1. This action is brought pursuant to 28 U.S.C. § 1581(c) and sections 516A(a))(2)(i) and 516A(a))(2)(iii) of the Tariff Act of 1930, as amended and codified by 19 U.S.C. §§ 1516a(a)(2(A)(i)(I) and 1516a(a)(2)(B)(iii) to contest the Final Determination in the Department of Commerce's Administrative Review of the Antidumping Duty Order in Certain Pasta from Italy as published as *Certain Pasta from Italy: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2018-2019,* 86 Fed. Reg. 28336 (May

Case 1:21-cv-00291-RKE   Document 8   Filed 06/29/21   Page 2 of 11

Complaint
*La Molisana SpA v. United States*
Ct. No. 21-00291
June 29, 2021
Page 2

26, 2021).

2. The United States Court of International Trade has exclusive jurisdiction over this action under 28 U.S.C. §1581(c).

## STANDING

3. Plaintiff, La Molisana SpA, is a corporation organized under the laws of Italy and is an Italian Producer and Exporter of the subject merchandise that was the subject of the underlying review. Plaintiff participated in the underlying Department of Commerce administrative review as a mandatory respondent. Plaintiff, therefore, is an "interested party" within the meaning of Section 771(9)(A) of the Act as amended (19 U.S.C. § 1677(9)(A)) and has standing pursuant to Section 516A(d) of the Act, as amended, 19 U.S.C. § 1516a(d)

## TIMELINESS OF THIS ACTION

4. The contested administrative determination was published in the Federal Register on May 26, 2021. Plaintiff La Molisana filed its summons on June 18, 2021. This complaint is filed within 30 days of the date of filing of the summons. The action is, therefore, timely filed pursuant to Section 516A(a)(2)(A)(i)(I) of the Tariff Act of 1930, as amended (19 U.S.C. § 1516a(a)(2)(A)(i)(I).

## THE ADMINISTRATIVE PROCEEDINGS

5. On September 9, 2019, the Department of Commerce ("Commerce" or

Case 1:21-cv-00291-RKE   Document 8   Filed 06/29/21   Page 3 of 11

Complaint
*La Molisana SpA v. United States*
Ct. No. 21-00291
June 29, 2021
Page 3

"Department") initiated an administrative review of multiple entities including La Molisana S.p.A.

6. On October 9, 2019 the Department selected Industria Aimentare Colavita ("Indalco") and Ghigi 1870 S.p.A./Pasta Zara S.p.A. as mandatory respondent.

7. On October 29, 2019 Indalco withdrew its request for review.

8. On November 1, 2019 the Department selected La Molisana as a replacement mandatory respondent.

9. La Molisana submitted questionnaire responses from November 29, 2019 through September 30, 2020. In its Section C response filed on January 3, 2020 La Molisana provided detailed information as to the calculation of protein content and provided reasons why the Department should modify the protein standard. Such request was submitted at an early stage of the proceeding. Based on the Department's direction to Zara on December 20, 2019, La Molisana did not provide an alternate data base reflecting what it believed to be the correct standard.

10. The other mandatory respondent (Pasta Zara S.p.A. / Ghigi 1870 S.p.A)("Zara") requested that the Department use a different protein standard in its initial questionnaire response and coded its sales reflecting this alternate standard.

11. On December 20, 2019, the Department directed Zara to use its protein

Case 1:21-cv-00291-RKE   Document 8   Filed 06/29/21   Page 4 of 11

Complaint
La Molisana SpA v. United States
Ct. No. 21-00291
June 29, 2021
Page 4

12. standard, but did not otherwise address Zara's request to modify the protein standard.

12. The Department issued preliminary results on November 23, 2020. See *Certain Pasta from Italy: Preliminary Results of Antidumping Duty Administrative Review and Preliminary Determination of No Shipments; 2019-2019,* 85 Fed. Reg. 74,676 (November 23, 2020). In these preliminary results, the Department did not address the protein issue in any fashion.

13. The parties filed case and rebuttal briefs challenging the determinations reflected in the preliminary determination. In these briefs, La Molisana challenged issues specific to the calculation of its rate and related determinations, Ghigi/Zara challenged issues specific to the calculation of its rate, the assignment of adverse facts to its response and related determinations. Valdigrano di Flavio Pagani S.r.l. ("Valdigrano") challenged the Department's Protein calculation and the impact of the calculation of La Molisana's rate on those respondents not selected as mandatory respondents. As part of their arguments, both La Molisana and Valdigrano challenged the Department's protein standards, their accuracy and their use in the review.

14. On May 26, 2021 the Department caused the final results of the review to be published in the Federal Register. *Certain Pasta from Italy: Final Results of*

Case 1:21-cv-00291-RKE   Document 8   Filed 06/29/21   Page 5 of 11

Complaint
La Molisana SpA v. United States
Ct. No. 21-00291
June 29, 2021
Page 5

*Antidumping Duty Administrative Review and Final Determination of No Shipments; 2018-2019,* (86 Fed. Reg. 28336)(May 26, 2021). In these results, the Department assigned a rate to Ghigi/Zara based solely on adverse facts, calculated a rate for La Molisana based on La Molisana's data, and calculated a rate for Valdigrano (and the other respondents not selected for individual review) based on the rate assigned to La Molisana.

## STANDARD OF REVIEW

15. The standard of review of a final determination by the Department of Commerce in an antidumping case is set forth in 19 U.S.C. § 1516a(b)(1)(B)(I) as follows: "The Court shall hold unlawful any determination, finding or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." Therefore, the Court must remand any administrative determination made by the Department, which is unsupported by substantial evidence on the record as a whole or is otherwise not in accordance with law. *Koyo Seiko Co. v. United States*, 796 F. Supp. 1526, 1528, 16 CIT 539 (1992). Decisions of the Commerce Department must be based on "adequate reasoning" and upon "findings supported by substantial record evidence." Simplistic or vague reasoning is inadequate. *Taian Ziyang Food v. United States*, 637 F.Supp.2d 1093 (2009) at 1126, 1140 and 1151; *Jinan Yipin Corp. v. United*

Case 1:21-cv-00291-RKE   Document 8   Filed 06/29/21   Page 6 of 11

Complaint
La Molisana SpA v. United States
Ct. No. 21-00291
June 29, 2021
Page 6

*States*, 637 F.Supp.2d 1183 (2009) at 1189, 1192, 1196, 1197; *Carpenter Technology, et al. v. United States*, 662 F.Supp.2d 1337 (2009) at 1344. "Substantial evidence on the record means 'more than a mere scintilla' and 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,' taking into account the entire record, including whatever fairly detracts from the substantiality of the evidence." *Atlantic Sugar, Ltd. v. United States*, 744 F.2d 1556 (1984) at 1445, 1452 (1984) (footnote omitted).

16. This Court must hold as unlawful any decision by the Department which is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, or unsupported by substantial evidence on the record, or otherwise not in accordance with law. 19 U.S.C. § 1516a(b)(1)(B) (1982); *Mitsubishi Electric Corp., et al. v. U.S., et al.*, 700 F.Supp. 538.

## CLAIMS

### COUNT ONE

17. The allegations of paragraphs 1 through 16 are incorporated by reference and restated as if fully set forth herein.

18. The Department's standard for calculation of the protein standard for purposes of CONNUM, which in turn impacts model match and the calculation of margins is unlawful.

Case 1:21-cv-00291-RKE   Document 8   Filed 06/29/21   Page 7 of 11

Complaint
La Molisana SpA v. United States
Ct. No. 21-00291
June 29, 2021
Page 7

19. The Department's standard for calculation of the protein standard does not use a uniform unit of measure, but rather uses different and inconsistent standards.

## COUNT TWO

20. The allegations of paragraphs 1 through 16 are incorporated by reference and restated as if fully set forth herein.

21. The Department's method for calculating protein content for purposes of reporting protein as part of the CONNUM is unlawful.

22. The Department's standard for calculation of the protein standard does not take into account the FDA rounding rules and FDA nutrition fact panel averaging standards and thus results in comparison of disparate products.

## COUNT THREE

23. The allegations of paragraphs 1 through 16 are incorporated by reference and restated as if fully set forth herein.

24. The Department's standard for dividing special and standard pasta based on the protein standard is unlawful.

25. The Department's methodology for dividing special pasta and standard pasta based on the protein standard does not accurately reflect the proper dividing line between special and standard pasta and results in pasta with a lower protein content being classified as special pasta, not standard pasta.

Case 1:21-cv-00291-RKE   Document 8   Filed 06/29/21   Page 8 of 11

Complaint
*La Molisana SpA v. United States*
Ct. No. 21-00291
June 29, 2021
Page 8

## COUNT FOUR

26. The allegations of paragraphs 1 through 16 are incorporated by reference and restated as if fully set forth herein.

27. The Department's calculation of Fixed Overhead and Indirect Selling Expenses was unlawful.

28. The Department's calculation of Fixed Overhead and Indirect Selling Expenses failed to properly offset expenses for certain items by the amount of revenue earned for these items.

## COUNT FIVE

29. The allegations of paragraphs 1 through 16 are incorporated by reference and restated as if fully set forth herein.

30. The matching of tri-color product to other product for purposes of margin analysis was unlawful.

31. The Department failed to apply the appropriate product characteristics in the order specified by the Department in establishing the product match for sales of tri-color pasta. As a result, the tri-color pasta was mis-matched. This, in turn, resulted in excessive margins for U.S. imports of tri-color pasta.

## COUNT SIX

32. The allegations of paragraphs 1 through 16 are incorporated by reference and

Case 1:21-cv-00291-RKE   Document 8   Filed 06/29/21   Page 9 of 11

Complaint
*La Molisana SpA v. United States*
Ct. No. 21-00291
June 29, 2021
Page 9

restated as if fully set forth herein.

33. The Department's application of the Cohen's D test under the facts of this review in determining whether to apply a differential pricing analysis was unlawful.

34. The facts in this review support an alternate differential pricing analysis and the difference in price is tied to differences in the products.

35. The Department's differential pricing analysis produces irrational results that do not reflect the underlying facts of the review.

## COUNT SEVEN

36. The allegations of paragraphs 1 through 16 are incorporated by reference and restated as if fully set forth herein.

37. The Department's refusal to adjust U.S. prices for sales of product bearing third party trademarks is unlawful.

38. The Department failed to take into account certain circumstances of sale adjustments relating to third-party trademarks with the net result that the margin was overstated.

## COUNT EIGHT

39. The allegations of paragraphs 1 through 16 are incorporated by reference and restated as if fully set forth herein.

40. The Department's calculation of a margin, assessment rate and new deposit rate

Complaint
*La Molisana SpA v. United States*
Ct. No. 21-00291
June 29, 2021
Page 10

was unlawful.

41. The Department made numerous methodological and factual errors in the calculation of a margin, assessment rate and new deposit rate with the net result that the rates assigned to La Molisana directly, and to the non-reviewed importers indirectly, were overstated.

Case 1:21-cv-00291-RKE   Document 8   Filed 06/29/21   Page 11 of 11

Complaint
*La Molisana SpA v. United States*
Ct. No. 21-00291
June 29, 2021
Page 11

# PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court enter judgment as follows:

1. Sustaining counts one through eight of plaintiff's complaint;

2. Remanding this matter to U.S. Department of Commerce with instructions that the Department calculate a new margin, a new assessment rate and a new deposit rate for La Molisana and for those respondents not individually reviewed who received a rate based on La Molisana's rate;

3. That the Department be directed, to the extent necessary, to reopen the record and add to the record certain facts relating to protein which the Department refused to collect in the administrative review; and

4. Providing such other relief as the court may deem just and appropriate.

Respectfully submitted,

David J. Craven
Craven Trade Law LLC
3744 N Ashland Avenue
Chicago, IL 60613

(773) 709-8506
Counsel for La Molisana S.p.A.

By:   /s/David J. Craven
       David J. Craven

Dated: June 29, 2021