## UNITED STATES COURT OF INTERNATIONAL TRADE

Before: Richard K. Eaton, Senior Judge

| | |
|---|---|
| LA MOLISANA S.P.A., <br> Plaintiff <br>And <br>VALDIGRANO DI FLAVIO PAGANI SRL, <br> Consolidated Plaintiff, <br>v. <br>UNITED STATES, <br>  Defendant. | Consol. Ct. No. 21-00291 |

**Comments on Remand by Plaintiff**
**La Molisana S.p.A.**

David J. Craven, Esq.
CRAVEN TRADE LAW LLC
3744 N Ashland Avenue
Chicago, Illinois 60613
Tel. 773-709-8506
David.craven@tradelaw.com
 Counsel for Plaintiffs

Dated: March 9, 2026

Table of Contents

Table of Contents ..................................................................................................i

Table of Authorities................................................................................................ ii

I.    Introduction and Summary of Argument ....................................................1

       A. Introduction ......................................................................................1

       B. Summary of Argument....................................................................2

II.    Argument....................................................................................................2

       A. The Department Failed to Identify the Standard for the Protein Test ....................................................................................................2

       B. The Differential Pricing Analysis is Flawed..........................................5

III.   Conclusion.................................................................................................6

## Table of Authorities

Court:
*Marmen v. United States*¸ 134 F.4th 1334 (Fed. Cir. 2025) ............................................................5

Statutory and Regulatory:
21 C.F.R. 101.9(c)(7) ......................................................................................................................2

# UNITED STATES COURT OF INTERNATIONAL TRADE

Before: Richard K. Eaton, Senior Judge

| | |
|---|---|
| LA MOLISANA S.P.A., <br>     Plaintiff <br> and <br> VALDIGRANO DI FLAVIO PAGANI SRL, <br>     Consolidated Plaintiff, <br>     v. <br> UNITED STATES, <br>     Defendant. | Consol. Ct. No. 21-00291 |

Comments on Remand

## I. Introduction and Summary of Argument

A. Introduction

On behalf of La Molisana, SpA, the plaintiff in this matter, we hereby supply comments on the Department's remand determination. As detailed herein, the Department has failed to address a fundamental issue which renders the entire remand invalid. Any other errors in the remand determination are secondary. The remand determination should be rejected by the Court.

### B. Summary of Argument

- The Department made a fundamental error by failing to state the basis for the 12.5% protein standard stated in the "test" used by the Department. While the Department acknowledges the existence of two standards, it does not explain which standard applies to their test.
- The Department continues to use an unlawful differential pricing methodology. The Court of Appeals for the Federal Circuit has categorically rejected the use of Cohen's D and no longer is applying it in any matter before the Department. Notwithstanding this, the Department continued to apply Cohen's D in this matter.

## II. Argument

### A. The Department Failed to Identify the Standard for the Protein Test

The primary issue in this matter is the definition of protein and to ensure that the same scale is used for comparing products. Specifically, the issue is whether a gram of protein is defined as 5.7 Kjeldahl Units as measured in Italy or 6.25 Kjeldahl Units as measured in the United States. (Remand Determination at 6) (RPR19)[1] See also 21 C.F.R. 101.9(c)(7). A Kjeldahl unit represents nitrogen content. The Department acknowledged these differences in the remand determination filed by the Court. While the Department's decision reflects the fact that these percentages can produce

---

[1] PR = Public Record, RPR = Remand Public Record

2

different protein values, and while the Department required La Molisana to report multiple values based on these different standards (Remand Determination at 7-8) (RPR19), the remand determination does not address the "12.5 percent threshold delineated in the AD Questionnaire". Rather, the Department simply references the "12.5%" standard and whether the reporting is over or under such standard. This demonstrates a fundamental misunderstanding of the issue. The percentage is tied to the number of grams of protein, which is in turn tied to the nitrogen content, which in turn ties to the actual physical make-up of the "gram". Accordingly, the Department needed to define, as an initial matter, what constitutes the "12.5% percent threshold delineated in the AD questionnaire". Specifically, is this standard based on the European/Italian standard or is it based on the United States standard as to what constitutes a gram of protein. Without this definition, it is impossible to apply this standard in a meaningful fashion to any data. Either the reporting of La Molisana or the standard must be "adjusted" to place both on an identical physical basis. Unless they are placed on the same standard, any comparisons are necessarily flawed.

Simply put, by failing to define the standard, results in something similar to a test stating that the solution must be heated to 70 degrees without specifying whether this temperature is Celsius or Fahrenheit. It does not matter that you have data showing the temperature of an object at both Celsius and Fahrenheit – you need to know whether you are comparing the data to a Celsius or Fahrenheit standard. This was a fundamental issue in the Court matter and the Department continued to ignore this critical issue in the remand determination. The Department should have clearly stated whether this 12.5% protein content is based on the US standard, the European standard or some other standard.

With respect to the second part of the finding, the calculation as to what constitutes a gram of protein, the Department's remand is still deficient, and the remand determination still fundamentally demonstrates that the Department does not understand the facts or the issues. The Department has characterized La Molisana's reporting as "actual" protein content on the basis that La Molisana does not "record" the nitrogen content. (Remand Determination at 7-8 ) (RPR19). This is true, but not directly relevant. Whether or not La Molisana directly records nitrogen content in its record, the

4

question is what is the actual physical make-up of the product, and critically, whether the data recorded by La Molisana reflects the actual physical make-up.  La Molisana consistently records its data in its records using the Italian Standard.  (Remand Questionnaire at 5)(RPR8 at 5)  In other words, the nitrogen content contained within the gram of protein recorded by La Molisana is highly relevant.  Without a reference to the nitrogen content standard, the number of grams recorded by itself is not relevant as one gram of protein is not necessarily comparable to another gram of protein.  The Department's characterization of one of La Molisana's reporting as "actual" protein content is meaningless as it does not recognize the nitrogen content, a fact necessary for evaluation.

  B. The Differential Pricing Analysis is Flawed

As a second issue, which only arose in this remand determination as a result of the CAFC's decision in *Marmen v. United States*, 134 F.4th 1334 (Fed. Cir. 2025), is whether the Department can properly apply a differential pricing analysis using Cohen's D.  Cohen's D has now been rejected and notwithstanding this express rejection, the Department continues to use Cohen's D in this matter. (Remand Determination at 13. RPR19)  This is

inconsistent with the Department's consistent policy to apply a new methodology and not use Cohen's D.  However, as the Department did not apply this "new" differential pricing analysis test in the final remand determination, something which was anticipated based on the Department's consistent practice to no longer use Cohen's D, the comments on the remand focused on the "alternative".   Such comments also, however, objected to the use of Cohen's D.  As the Department has consistently refused to apply Cohen's D and has applied a rejected methodology, and in fact as the Department has consistently sought remands in other matters to apply the alternate methodology, it cannot apply it in this matter.

### III.   Conclusion

The Department's remand determination is fatally flawed and must be rejected.  The Department's remand determination fails to address the critical issue as to the specific standard to be used for the test.  The remand also uses the rejected Cohen's D test in performing the differential pricing analysis.

This matter should again be remanded to the Department of Commerce with direction that they address the issues presented in these comments.

Respectfully submitted,

/s/ David Craven
David Craven
Craven Trade Law LLC
3744 N Ashland
Chicago, IL 60613
(773) 709-8506
david.craven@tradelaw.com

Counsel to *La Molisana S.p.A.*

Dated: March 9, 2026

7

Case 1:21-cv-00291-RKE   Document 63   Filed 03/09/26   Page 11 of 11